IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AUNDRA LADELL WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-2485-L |
| | § | |
| MARY E. MILLER, ET AL. | § | |
| | § | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

This is a pro se civil rights case brought by Plaintiff Aundra Ladell Williams ("Plaintiff" or "Williams"), an inmate in the Hutchins State Jail, Hutchins, Texas. Defendants are Judge Mary E. Miller, his former attorney Michael Todd, Dallas County Assistant District Attorney Stall Hallman, District Clerk Jim Hamlin, and Deputy District Clerk Mindy Fowlers. Plaintiff alleges that he was falsely imprisoned when Judge Miller sentenced him to 12 *months* in prison for a state jail felony, yet he is serving a 12-year sentence in the Texas Department of Criminal Justice. Plaintiff claims he is falsely imprisoned, and seeks damages for stress, depression, and other health problems.

Pursuant to 28 U.S.C. § 636(b), this action was referred to the United States Magistrate Judge for proposed findings and recommendation. On March 6, 2006, the Findings and Recommendation of the United States Magistrate Judge ("Report") were filed. Williams did not file objections to the Report.

The magistrate judge determined that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2). Specifically, the magistrate judge determined that: (1) Plaintiff was precluded from seeking money damages under 42 U.S.C. § 1983, as no state court or federal habeas court has ever

**Memorandum Opinion and Order – Page 1**

determined that the terms of Plaintiff's confinement are invalid;[1] (2) prosecutors and judges are immune from suit for actions taken within the scope of their jurisdiction;[2] (3) Plaintiff could not sue his former attorney, Mr. Todd, for civil rights violations under § 1983;[3] and (4) Plaintiff's allegations against Jim Hamlin and Mindy Fowlers have no basis in law. The magistrate judge also noted:

> To the extent plaintiff challenges the validity of his sentence and seeks an order releasing him from custody, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. However, plaintiff has not exhausted his state remedies by presenting the factual and legal basis of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. . . . Unless and until plaintiff exhausts his available state remedies, he may not seek federal habeas relief.

Report at n.2 (citations omitted). The magistrate judge recommended that Plaintiff's complaint be dismissed.

Having reviewed the pleadings, file and record in this case, and the findings of the magistrate judge, the court determines that the findings of the magistrate judge are correct. They are therefore accepted as those of the court. Accordingly, Plaintiff's complaint is **dismissed with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B), as to Judge Miller and Mr. Hallman because they have absolute immunity; as to Mr. Todd because he was not acting "under color of state law" for purposes of § 1983 liability; and as to Mr. Hamlin and Ms. Fowlers as Plaintiff fails to state a claim upon which relief can be granted as to these Defendants. To the extent Plaintiff is challenging the validity

---

[1] *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

[2] *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

[3] *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981).

**Memorandum Opinion and Order – Page 2**

of his sentence, his complaint is **dismissed without prejudice** for Plaintiff's failure to exhaust his state remedies.

**It is so ordered** this 31st day of March, 2006.

Sam A. Lindsay
United States District Judge